THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES C. ELLIS, Relator, *v.* IRA COWDRICK, as Sheriff, and Others, Respondents.

County Court, Niagara County, January 25, 1934.

*Moore & Norton* [*Justin C. Morgan* of counsel], for the relator.

*Hopkins, Brim & Hopkins*, for the village of Barker.

GOLD, J. The village of Barker in the county of Niagara is an incorporated village under the laws of the State of New York. On the 25th day of July, 1932, the board of trustees of the village passed an ordinance, which is entitled, " Regulations and Licensing of Hawkers, Peddlers and Solicitors."

The term " hawker " is defined as follows: " The terms, ' hawker ' and ' peddler,' as used in this ordinance shall mean and include, except as hereinafter expressly provided, any person, either principal or agent, who, from any boat or car on a railroad track or in any public street or public place or by going from house to house or place. of business to place of business, on foot or on or from any animal or vehicle, sells or barters, offers for sale or barters or carries or exposes for sale or barter any goods, wares or merchandise, except milk, newspapers and periodicals."

The term " solicitor " is defined as follows: " The term ' solicitor ' as used in this ordinance shall mean and include any person who goes from place to place or house to house or who stands in any street or public place taking or offering to take orders for goods, wares or merchandise, except newspapers or milk, or for services to be performed in the future, or for making, manufacturing or repairing any article or thing whatsoever for future delivery."

An exemption is allowed for those having an established place of business in the village and that class is defined as follows: " The term ' established place of business ' as used in this ordinance shall mean and include a building or store in which or where the person transacts business and deals in the goods, wares and merchandise he hawks, peddles or solicits for during regular business hours."

The exemptions allowed are defined in " section 2," which is as follows: " Exemptions. Nothing in this ordinance shall be held to apply to any sales conducted pursuant to statute or by order of any court, to any person selling personal property at wholesale to dealers in such articles, to merchants having an established place of

business within the village or their employees for soliciting orders from customers and delivering the same, to the peddling of meats, fish, fruit and farm produce by farmers and persons who produce such commodities, to hawking or peddling by an honorably discharged soldier, sailor or marine who is crippled as a result of injuries received while in the naval or military services of the United States, or the holder of a license granted pursuant to Section 32 of the General Business Law. This ordinance shall also not apply so as unlawfully to interfere with interstate commerce."

Leonard Daigler was an employee of the Hall Baking Company, which has routes in various villages and towns in Niagara county, and particularly in the village of Barker. After going into the house of a resident of said village to ascertain what, if any, baked goods the housewife desired, he was arrested by a constable before he returned to his wagon. His arrest was made for soliciting the sale of bakery products without having obtained a license therefor. This occurred on the 1st day of June, 1933.

Section 3 of the ordinance provides as follows: " License required. It shall be un.awful for any person, within the corporate limits of the Village of Barker, to act as a hawker, peddler or solicitor as herein defined without first having obtained and paid for, and having in force and effect a license therefor."

Said Daigler was arrested for alleged violation of the ordinance, in that neither he nor the Hall Baking Company had taken out any license as contemplated by the ordinance, which said ordinance fixes a license fee at the sum of fifty dollars per year.

The relator claims that the particular ordinance is unconstitutional, in that he claims it discriminates between residents and non-residents of the village, and cites different authorities to sustain his contention.

If the ordinance did so discriminate, it would be unconstitutional. I find nothing in the ordinance that discriminates as between residents and non-residents. The only exception is that found in section 2 with reference to exemptions, which is above set forth.

With this exemption in the ordinance, it does make a distinction between a person having a retail business in the village and one who has no business within said village, but so far as soliciting orders from house to house, it makes no distinction between residents and non-residents if neither have a place of business within the village.

It has been the custom for many years, and especially before the " cash and carry " system became so pronounced, for persons in business in a city or village to take orders from their customers and to deliver the same from their places of business. I do not

think it makes the act unconstitutional because it excepts that type of business. Under the ordinance, a resident of the village of Barker having no place of business there cannot peddle from house to house without violating the ordinance, and the same situation applies as to non-residents.

Another point raised is that the license fee of fifty dollars is illegal. The relator claims that the sum of fifty dollars per year makes it prohibitory.

In passing upon the question of the constitutionality of the ordinance, it is not necessary for me to pass upon this particular point. However, I do feel that the same is not prohibitory.

Let an order be entered dismissing the writ of habeas corpus heretofore issued by me.